# EXHIBIT B

# EXHIBIT B-1

FILED - 3/13/2020 11:06 AM
2020-DCL-01429 / 41644371
ELVIRA S. ORTIZ
Cameron County District Clerk
By Sofia Herrera Deputy Clerk

CAUSE NO. 2020-DCL-01429

| | | |
|---|---|---|
| MARCOS LEOS, SANTOS LEOS INDIVIDUALLY AND AS NEXT FRIEND OF R. N. L. AND N. L. | § § § § | IN THE _____ JUDICIAL<br>Cameron County - 357th District Court |
| V. | § § | DISTRICT COURT OF |
| AMERICAN SECURITY INSURANCE COMPANY | § § § | CAMERON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MARCOS LEOS, SANTOS LEOS INDIVIDUALLY AND AS NEXT FRIEND OF R. N. L. AND N. L., herein referred to as "Plaintiffs", in the and files this Original Petition, complaining of American Security Insurance Company, herein referred to as "Defendant" and for cause of action would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

1.1   Pursuant to Texas Rules of Procedure Rule 190.3, Plaintiff requests that discovery be conducted in accordance with a Level 3 Discovery Control Plan.

### II. VENUE AND SERVICE

2.1   Venue is proper in Hidalgo County, Texas pursuant to Texas Civil Practice Remedies Code Section 15.002 because all substantial part of the events or omissions giving rise to the claim occurred in Hidalgo County, Texas

2.2   Plaintiffs are individuals residing in La Feria, Hidalgo, Texas.

2.3   Defendants will be served through registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

### III. FACTS

3.1 Plaintiffs are the owners of Insurance Account No. 1866575587 issued by Defendant JP Morgan Chase Bank NA.

3.2 Plaintiffs insured property which is specifically located at 200 Angelita Drive, La Feria, Texas, (hereinafter referred to as the "Property").

3.3 Defendant or its agents sold the Policy, insuring the Property, to Plaintiffs.

3.4 On or about March 16, 2018, Plaintiffs ordered supplies to replace old shingles on their roof from ABC Supply Co., Inc. The supplies were placed on the home's roof and the roof of the porch. As they finished unloading the supplies the porch roof collapsed, detached itself from the home damaging the roof and side wall from the home.

3.5 Plaintiffs submitted a claim to their Defendant, JP Morgan Chase Bank, NA, on or about March 16, 2018.

3.6 Defendant assigned Claim Number 00200960095 to Plaintiffs claim.

3.7 Defendant hired and/or assigned an adjuster, Melaku Abebe, to investigate and evaluate the damages.

3.8 On March 28, 2018, Plaintiffs were improperly denied coverage and after being denied coverage by their home insurance company the condition of the home and roof has since worsened and the interior of the home has been destroyed due to water damage and inhabitants of the home became sick due to mold infestation.

### IV. NEGLIGENCE AND BREACH OF CONTRACT

4.1 As a result of Defendant's negligence to provide a timely insurance coverage to Plaintiffs they have suffered damages to their home and health.

4.2     Plaintiff purchased an Insurance Policy underwritten by Defendant, a written agreement in which Defendant has the duty to investigate and pay Plaintiff benefits provided for under the Policy for covered damages. The policy requires coverage for a collapse, which is what occurred in this case.

4.3     Defendant has failed to fulfill its contractual obligations, through the failure to pay for covered property damages. Defendant's investigation was not done in a timely manner resulting in damages to Plaintiff alleged in this Petition for any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

4.4     Due to Defendant's actions and omissions Defendants became ill inside the home caused by the accumulation of mold.

## VII.   TEXAS INSURANCE CODE

By denying coverage to Plaintiffs, Defendant has violated the Texas Insurance Code. Specifically, Defendant has failed to timely pay the claim, pursuant to Section 542.058 of the Texas Insurance Code. Further, damages owed by Defendant are subject to 18% interest as required by Tex. Insurance Code § 542.060, and attorney's fees pursuant to Tex. Ins. Code § 541.152.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDRED, Plaintiff respectfully requests that Defendant be cited to appear, and that upon final hearing, Plaintiff have judgment against Defendant as follows:

   1)   Judgment for all indebtness accrued under the Agreement or otherwise found by this Court through the date of judgment including monetary relief over $200,000 but not more than $1,000,000;

2) Prejudgment and Post-judgment interest as allowed by law;

3) Reasonable attorney's fees;

4) Cost of Suit; and

5) Such other and further relief to which Plaintiff may be justly entitled.

## IX. EXEMPLARY DAMAGES

8.1 The acts of Defendant's as alleged herein were willful, deliberate, intentional and were committed as part of a scheme to defraud Plaintiff out of valuable services. Pursuant to Texas Civil Practices & Remedies Code § 41.003, Plaintiff is entitled to an award of exemplary damages against Defendants.

## X. TRIAL BY JURY REQUEST

9.1 Plaintiff demands a trial by jury on all issues set forth herein.

## XI. REQUEST FOR DISCLOSURE

10.1 Under Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or materials described in Rule 194.2 (a), (b), (c), (d), (e), (f), (h), (i), (j), (k), and (l).

Respectfully Submitted,

**Fryer and Hansen, PLLC**
1352 W. Pecan Blvd.
McAllen, Texas 78501

/s/ Brian J. Hansen
Brian J. Hansen
State Bar No. 24072139
Richard W. Fryer
State Bar No. 24085316
Attorneys for Plaintiff(s)

# EXHIBIT B-2

FILED 6/12/2020 3:11 PM
2020-DCL-01429 / 43376812
ELVIRA S. ORTIZ
Cameron County District Clerk
By Brenda Ramirez Deputy Clerk

## CAUSE NO. 2020-DCL-01429

| | | |
|---|---|---|
| MARCOS LEOS and SANTOS LEOS, Individually and as Next Friend of R.N.L. and N.L., | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § § | |
| v. | § § | CAMERON COUNTY, TEXAS |
| AMERICAN SECURITY INSURANCE COMPANY, | § § § § | 357th JUDICIAL DISTRICT |
| *Defendant*. | § § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant American Security Insurance Company files this Original Answer and Requests for Disclosure against Plaintiffs Marcos Leos and Santos Leos, Individually and as Next Friend of R.N.L. and N.L., as follows:

### I.   GENERAL DENIAL

1.   Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial to all claims and causes of action asserted by Plaintiffs and demands strict proof thereof by a preponderance of the evidence.

### II.   AFFIRMATIVE DEFENSES

2.   Plaintiffs' claims are barred, in whole or in part, because paragraph 1.b of the "General Exclusions" section of the policy excludes losses caused by earth movement, including earth sinking, rising or shifting.

3.   Plaintiffs' claims are barred, in whole or in part, because paragraph 1.c of the "General Exclusions" section of the policy excludes losses caused by water damage, meaning (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind; (2) water or water-borne material which backs up through sewers

-1-

or drains or which overflows from a sump, sump pump or related equipment; or (3) water or water-borne material below the surface of the ground, including water which exerts pressure on or seeps or leaks through a residential property, sidewalk, driveway, foundation, swimming pool or other structure; caused by or resulting from human or animal forces or any act of nature.

4. Plaintiffs' claims are barred, in whole or in part, because paragraph 1.e in the "General Exclusions" section of the policy excludes losses caused by neglect, meaning your neglect to use all reasonable means to save and preserve property at and after the time of the loss.

5. Plaintiffs' claims are barred, in whole or in part, because paragraph 2.c of the "General Exclusions" section of the policy excludes losses caused by inadequate or defective; (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) material used in repair, construction, renovation or remodeling; or (4) maintenance.

6. Plaintiffs' claims are barred, in whole or in part, because paragraph 3.f(1) in the "Perils Insured Against" section of the policy excludes losses caused by wear and tear, marring, or deterioration.

7. Plaintiffs' claims are barred, in whole or in part, because paragraph 3.f(2) in the "Perils Insured Against" section of the policy excludes losses caused by inherent vice, latent defect, or mechanical breakdown.

8. Plaintiffs' claims are barred, in whole or in part, because paragraph 3.f(6) in the "Perils Insured Against" section of the policy excludes losses caused by settling, shrinking, bulging, or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs, or ceilings.

9. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing

to assert the claims presented in the Original Petition.

10. Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands, and/or *in pari delicto*.

11. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to state a claim or cause of action for punitive damages.

12. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

13. Plaintiffs' claims are barred, in whole or in part, by statutes of limitations and/or the doctrine of laches.

14. Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

15. Plaintiffs' claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

16. Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

17. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages.

18. Plaintiffs' claims are barred, in whole or in part, because any damages suffered by Plaintiffs were caused by the acts and omissions of a party or parties over whom Defendant did not exercise control or right of control.

19. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs have failed to describe how a denial of the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code.

20. Plaintiffs' claims are barred, in whole or in part, by the specific terms of the Policy contract.

21. Plaintiffs' claims and allegations of "bad faith" are barred, in whole or in part, because Defendant's liability to Plaintiffs was not reasonably clear. A bona fide controversy existed and continues to exist concerning Plaintiffs' entitlement to insurance proceeds from Defendant, and Defendant's liability, if any, has never become reasonably clear. Accordingly, Defendant had a reasonable basis for denying Plaintiffs' claim.

22. Defendant avers that any award of punitive damages to Plaintiffs in this case would be in violation of the constitutional rights and safeguards provided to it under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and prejudice.

23. Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

24. Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiffs are not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

25. Any award of punitive damages in this case would violate the constitutional rights

and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

26. Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendants.

27. Defendant avers that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against it, which are penal in nature, yet would compel them to disclose potentially incriminating documents and evidence.

28. It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

29. Defendant avers that any award of punitive damages to Plaintiffs in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of an excessive fine.

30. It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Constitution of the State of Texas in that:

   a. Said damages are intended to punish and deter Defendant, and thus this proceeding is essentially criminal in nature;

   b. Defendant is being compelled to be a witness against itself in a proceeding essentially and effectively criminal in nature, in violation of their rights to due process;

   c. The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendant's rights to due process;

   d. That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

31. Plaintiffs have sustained no injury from the alleged conduct of Defendant.

32. Plaintiffs' claims are barred, in whole or in part, because Defendant's claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

33. Plaintiffs' claims are barred, in whole or in part, because Defendant would show that there is an inherent mutual duty of good faith in the agreements related to this action and that Plaintiffs may have failed to act in good faith.

34. There has been no reasonable showing by evidence in the record or proffered by Plaintiffs which would provide a reasonable basis for recovery of punitive damages as required by Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not

be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

35. Plaintiffs are not entitled to the recovery of attorney's fees and have failed to provide the statutory notices required to show entitlement to the same.

36. Plaintiffs' claims for attorney's fees are barred in whole or in part because Plaintiffs made an unreasonably excessive demand upon Defendant.

37. Plaintiffs' claims for attorney's fees are barred in whole or in part because Plaintiffs made an excessive demand upon Defendant in bad faith.

38. Defendant expressly reserves and preserves any and all rights it may have under the Policy or otherwise including, but not limited to, any right it may have to enforce its demanded appraisal of the claim at issue.

39. Defendant expressly reserves and preserves any and all rights and defenses it may have under the Texas Insurance Code, including Chapter 542A.

### III.  REQUESTS FOR DISCLOSURE

40. Pursuant to Rule 194, Plaintiffs are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a)–(i).

Respectfully submitted,

**MCDOWELL HETHERINGTON LLP**

By: */s/ Bradley J. Aiken*
      Bradley J. Aiken
      State Bar No. 24059361
      Brian A. Srubar
      State Bar No. 24098460
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:  713-337-5580
Facsimile:  713-337-8850
brad.aiken@mhllp.com

brian.srubar@mhllp.com

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on June 1, 2020, on the following counsel of record by eServe:

Brian J. Hansen
Richard W. Fryer
**FRYER AND HANSEN, PLLC**
1352 W. Pecan Blvd.
McAllen, Texas 78501
email@fryerandhansen.com

*Attorneys for Plaintiffs*

*/s/ Brian A. Srubar*
Brian A. Srubar